UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| RODNEY ALLEN STOVER,       ) | Civil Action No.: 8:07-cv-2998-RBH |
|                                  ) | |
|     Plaintiff,           ) | |
|                                  ) | |
| v.                         ) | **ORDER** |
|                                  ) | |
| DIRECTOR LARRY POWERS,     ) | |
| Spartanburg County Detention Center;   ) | |
| DOUG SMITT, Detective for Spartanburg ) | |
| County, a/k/a Doug Smith; ASHLEY,   ) | |
| Sergeant, Spartanburg County Detention   ) | |
| Center, a/k/a Kimberly Ashley,   ) | |
|                                  ) | |
|     Defendants.         ) | |
| _____) | |

Plaintiff, currently incarcerated at the Spartanburg County Detention Center in Spartanburg, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging interference with his mail and unlawful police conduct. Specifically, Plaintiff alleges that Defendants have opened his private mail, failed to deliver his mail, and failed to send out Plaintiff's legal mail. As to the allegations of unlawful police conduct, Plaintiff alleges that Defendant Smitt was legally drunk when he arrested Plaintiff. Plaintiff also alleges that Defendant Smitt committed armed robbery during Plaintiff's arrest because Smitt took Plaintiff's wallet by force, without a search warrant, and placed the wallet into evidence against Plaintiff without conducting an inventory of the property contained in the wallet.

Pending before the court are: 1) Plaintiff's [Docket Entry #9] motion for Defendants to give Plaintiff his mail; 2) Plaintiff's [Docket Entry #10] motion to appoint counsel; 3) Plaintiff's [Docket Entry #14] motion to amend the complaint; 4) Plaintiff's [Docket Entry #18] motion to amend the complaint; 5) Plaintiff's [Docket Entry #21] motion to dismiss; 6)

Plaintiff's [Docket Entry #36] motion to withdraw motion to dismiss; and 7) Defendants' [Docket Entry #40] motion for summary judgment. These matters are before the court with the Report and Recommendation [Docket Entry #56] of Magistrate Judge Bruce Howe Hendricks filed on May 20, 2008.[1]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and Plaintiff's motions to amend the complaint be denied. The Magistrate Judge also recommended that Plaintiff's other pending motions be denied as moot. Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on June 3, 2008.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Mail Claims

The Magistrate Judge found that, with regard to his mail claims, Plaintiff had failed to state a § 1983 claim.  Plaintiff alleges that his mail was stolen, opened outside of his presence, copied, and given to Defendant Smitt without a court order.  Plaintiff also challenges the prison's policy of allowing an inmate to possess no more than ten personal letters at one time.  Additionally, in his objections to the Report and Recommendation, Plaintiff asserts that, in retaliation for filing this lawsuit, some of his legal mail was stolen and/or was never received by the intended recipients.

    A.    Legal Mail

Plaintiff claims that the Defendants retaliated against him for filing this lawsuit by stealing and failing to post his legal mail.  To state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  Here, Plaintiff's claim fails because he has not demonstrated that the alleged interference with his legal mail caused him to suffer any actual injury or prejudice.  Plaintiff does not state what, if any, adverse consequences he suffered as a result of the alleged failure to post his legal mail.  *See White*, 886 F.2d at 724.  Plaintiff's claim is also due to be dismissed because has offered no competent evidence to substantiate his allegations that his

3

outgoing legal mail was stolen.

  B.  <u>Private Mail</u>

Plaintiff also alleges that his private mail was stolen, opened outside of his presence, copied, and given to Defendant Smitt without a court order. Again, Plaintiff has presented no competent evidence to support his allegation that his private mail was stolen, opened outside of his presence, copied, and given to Defendant Smitt without a court order. Conclusory allegations, without more, are insufficient to defeat a motion for summary judgment. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Furthermore, as the Magistrate Judge noted, the mere opening of an inmate's incoming personal mail in his absence does not raise a constitutional claim. *See Griffin v. Virginia*, No. 7:02-cv-930, 2002 WL 32591574, at *3 (Dec. 17, 2002 W.D. Va.); *Sterling-Earl v. Gray*, No. 7:06-cv-196, 2006 WL 1318367, at *6-7 (May 15, 2006 W.D. Va.).

As for Plaintiff's challenge to the prison's policy of restricting the number of personal letters an inmate can possess, a prison policy that impinges on an inmate's constitutional rights is valid "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Applying the four factors set forth in *Turner v. Safley*, the Magistrate Judge found that the prison's policy was constitutional because it was reasonably related to legitimate penological interests. *See Turner*, 482 U.S. at 89-90. This court agrees.

<u>Unlawful Police Conduct</u>

Plaintiff alleges that Defendant Smitt was legally drunk when he arrested Plaintiff and that Defendant Smitt committed armed robbery during Plaintiff's arrest. In his amended memorandum in opposition to the Defendants' motion for summary judgment, Plaintiff alleges

4

that he was assaulted during his arrest. The Magistrate Judge rejected Plaintiff's assault claims because they were not included in his initial complaint and were not properly before the court. The Magistrate Judge rejected Plaintiff's remaining claims of unlawful police conduct concluding that Plaintiff's allegations were not supported by any evidence.

In his objections, Plaintiff contends that Defendant Smitt lied in the affidavit submitted to this court in support of summary judgment. However, Plaintiff does not direct this court to any evidence that could arguably establish a genuine issue of material fact as to whether the alleged unlawful police conduct occurred. Plaintiff's conclusory allegations are insufficient to satisfy his burden under Rule 56 of the Federal Rules of Civil Procedure. Furthermore, to the extent that Plaintiff's allegations challenge the criminal charges pending against him, this court will not intervene in state court criminal matters. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Accordingly, Plaintiff's claims of unlawful police conduct are dismissed.

Motions to Amend

The Magistrate Judge recommended in his Report and Recommendation that Plaintiff's motions to amend be denied. Plaintiff did not address this aspect of the Report and Recommendation in his objections. The court is not required to conduct a *de novo* review of those portions of the Report and Recommendation to which no objections are filed. 28 U.S.C. § 636(b)(1)(C). However, a *de novo* review of the record indicates that the Magistrate Judge accurately applied the law to the facts of this case. The court agrees with the Magistrate Judge that Plaintiff's motions to amend should be denied.

5

**Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that they are without merit.

Accordingly, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #56] of the Magistrate Judge. Defendants' [Docket Entry #40] motion for summary judgment is **GRANTED**. Plaintiff's [Docket Entry ## 14 and 18] motions to amend are **DENIED**. Plaintiff's remaining motions [Docket Entry ## 9, 10, 21, and 36] are **DENIED** as moot. This case is hereby **DISMISSED with prejudice**.

    **IT IS SO ORDERED**.


Florence, South Carolina            s/ R. Bryan Harwell
June 30, 2008                         R. Bryan Harwell
                                              United States District Judge